DECISION.
{¶ 1} Defendant-appellant, Richard Burns, appeals a conviction for domestic violence under R.C. 2919.25(A). The record shows that Burns waited in his wife's apartment for her to come home. Once she entered the apartment, Burns leapt out towards her, swinging a knife. He tried to stab her, but he missed. He then rushed at her and forced her to into a wall. She fell to the ground and went into a fetal position to protect her face. Nevertheless, Burns managed to punch her once in the side of her face, leaving bruising and swelling.
 {¶ 2} Burns presents four assignments of error for review. In his first assignment of error, he contends that the evidence was insufficient to support his conviction. Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a reasonable trier of fact that Burns had knowingly caused or attempted to cause physical harm to a family or household member. Therefore, the evidence was sufficient to support his conviction for domestic violence. See State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492; State v. James, 1st Dist. No. C-040215,2005-Ohio-1996. Burns is essentially arguing that his wife's testimony was not credible, but matters as to the credibility of evidence were for the trier of fact to decide. State v. Bryan,101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433. Accordingly, we overrule his first assignment of error.
 {¶ 3} In his second assignment of error, Burns contends that his conviction was against the manifest weight of the evidence. After reviewing the record, we cannot say that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse Burns's conviction and order a new trial. Therefore, his conviction was not against the manifest weight of the evidence. See State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; State v. Linson, 1st Dist. No. C-030299, 2004-Ohio-3750. We overrule Burns's second assignment of error.
 {¶ 4} In his third and fourth assignments of error, Burns raises sentencing issues. In his fourth assignment of error, he contends that the trial court erred in using "sentencing procedures which are unconstitutional." He relies upon the United States Supreme Court's decisions in Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, and United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738.
 {¶ 5} While this appeal was pending, the Ohio Supreme Court decided State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, ___ N.E.2d ___. In that case, it declared several sections of Ohio's sentencing statutes unconstitutional based upon Blakely andBooker and held that those provisions were capable of being severed from the other provisions of the sentencing statutes. In this case, none of the sections that the court held to be unconstitutional apply.
 {¶ 6} The record shows that the offense of which Burns was convicted was a third-degree felony since Burns had two previous convictions for domestic violence. R.C. 2919.25(D)(4). The trial court sentenced him to serve three years' incarceration, which was in the statutory range of sentences for a third-degree felony, but was not the maximum or the minimum that he could have received. R.C. 2929.14(A)(3). Further, Burns had previously served a prison term, so R.C. 2929.14(B), which permits the trial court to impose more than the minimum term on an offender who had not previously served a prison term if it makes certain findings, was not implicated in this case. He was convicted of only one offense so the court could not have imposed consecutive sentences.
 {¶ 7} Further, the sentence was entirely based on the circumstances of the offense and Burns's extensive prior criminal record, including failed paroles and probations, which this court had previously held was constitutional under Blakely andBooker. See State v. Lowery, 160 Ohio App.3d 138,2005-Ohio-1181, 826 N.E.2d 340. It is unclear, though, where the prior-conviction exception stands after Foster, and whether it is any longer relevant.
 {¶ 8} Nevertheless, because the sentence in this case did not include any unconstitutional enhancements under Foster, we see no need to remand the matter for resentencing on that basis, and we would have affirmed the sentence if no other sentencing issues existed. See State v. Upton, 1st Dist. No. C-050076,2006-Ohio-1107. But in his third assignment of error, Burns contends that the sentence was contrary to law. The record shows that the trial court failed to verbally inform Burns at the sentencing hearing that he could be subject to post-release control and what the ramifications would be for violating a condition of post-release control, as required by R.C.2929.19(B)(3). See State v. Hoffert, 1st Dist. No. C-020168, 2002-Ohio-6343, State v. Brown, 1st Dist. Nos. C-020162, C0-20163 and C-020164, 2002-Ohio-5983. Consequently, we must vacate the sentence imposed by the trial court. Since we must remand the case for resentencing, the trial court should consider the ramifications of Foster in imposing the sentence.
 {¶ 9} Accordingly, we sustain Burns's third and fourth assignments of error. We vacate the sentence and remand the case for further proceedings consistent with this judgment entry. We affirm the trial court's judgment in all other respects.
Doan, P.J., Hildebrandt and Painter, JJ.